The opinion of the court was delivered by
Manning, C. J.
Leo Ditch the elder, husband of the plaintiff, died in 1867, leaving several minor children, of whom his widow, their mother, qualified as natural tutrix. His property was inconsiderable — about ■twelve hundred dollars in value — and was all community, and all movable, and he owed no debts. The plaintiff qualified as natural tutrix to 'her children, and has not married again.
*1110 Leo, the eldest child, attained majority two or three yeai’s ago, and applied for administration of his father’s estate. Opposition was made-to it by his mother, the surviving widow in usufruct and natural tutrix of the -other children, upon various grounds, one of which is that there-was no necessity for an administrator to be appointed, since she in her capacity of tutrix was doing, or had done, all that was necessary to be-done by any representative of the succession. Nevertheless her opposition was rejected, and the applicant was appointed, and she has brought, her appeal from that judgment before us in another case.
The administrator, thus appointed, applied for and obtained from the parish court an order of sale of the whole property, and the widow injoined the sale thus ordered. That is the present suit.
What possible grounds can be supposed to exist to justify an order of sale of property thus owned and situated, we are at a loss to conjecture. The father had been dead nearly, if not quite, ten years when the application for administration was made. No creditor asked for an administration, for there were none. The property was in the possession of the widow, who owned absolutely one half of it, and who as usufructuary was entitled to the possession of the other half. A sale of her moiety, under the circumstances developed in this case, would have-conveyed no title. A sale of the children’s moiety would have imperilled their scanty heritage. What that heritage was, and how acquired, the widow herself shall tell, as on the witness stand she confronted the first fruit of her womb, who was seeking to despoil her of her only support;.
“Leo Ditch jr. is my son, issue of my marriage with Leo Ditch Sr. * * * We were married, Leo Ditch and I, twenty-five years-ago last January. He died of yellow fever in Oct. 1867. The only property he left at his death was cattle, four jars, one spinning wheel, one shot gun and one mattrass. I was told that he branded thirty calves, the year of his death. I sold the calves every year to support and maintain the children, also some old cows and a very few beeves. I never kept any account of the number. Leo Ditch can say better than I can, for he is the one who always sold them for me, except the last year. I can not say whether there were any debts due my husband or-not at the time of his death. I can not say either, whether my husband owed any thing or not when he died. He had nothing but his clothing-when we married, and not much of that.”
On cross-examination she says she spent the money realized by the sale of 'the cattle in support of the children, such as their food, schooling, books, medicines and doctor’s bills. She owned at the time of her marriage six cows, a branding iron, and ten dollars in specie, and with the memory for small matters that characterizes those in her lowly condition, and the naivete that is both a consequence and an evidence of the- *1111 frank simplicity of her nature, she says that she gave the specie to her young husband who bought a cow with it.
As he had nothing, the whole of the stock must have been the issue of the six belonging to his wife, the one bought with her money, and those bought subsequently with the profits, if any were thus bought.
The case resembles that of Burton v. Brugier, recently decided by us, ante, 478, and the principle of law controlling it is well established. When the succession owes no debts, and is composed exclusively of community property, and there is a surviving spouse, an administrator should not be appointed, and iE appointed, a sale provoked by him of the property is properly prevented by an injunction by the owner and usufructuary. In that case, damages were awarded the widow against a purchaser of the property under circumstances very like these, who had evicted her by violence. The arrest of the sale by the process used in this suit has probably saved another purchaser from a similar fate. Therefore
It is ordered and decreed that the judgment of the lower court is avoided and reversed, and the injunction sued out by the plaintiff is maintained and perpetuated, it is further adjudged that she have and recover of the defendant Loo Ditch the costs of both courts.